IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No: 15-cv-01592-RPM-KMT

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

MARIA LUISA BALTAZAR BENÍTEZ;
MARIBEL SOTO PÉREZ;
MANUELA SINALOA RASCÓN; and
SERGIO CARREÓN RAMÍREZ,

      Plaintiffs/Intervenors,

v.

VAIL RUN RESORT COMMUNITY ASSOCIATION, INC.
d/b/a VAIL RUN RESORT; and
GLOBAL HOSPITALITY RESORTS, INC.,

      Defendants.

---

## CONSENT DECREE

---

## I. RECITALS

**1.** This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendants Vail Run Resort Community Association, Inc. and Global Hospitality Resorts, Inc. (collectively "Defendants" or "Vail Run") violated Title VII of the Civil Rights Act of 1964 by subjecting Maribel Soto Perez, Maria Luisa Baltazar Benitez, and a class of other aggrieved individuals (collectively the "Aggrieved Individual(s)") to a hostile work environment because

of sex and/or national origin, including but not limited to, sexually suggestive comments, gestures, questions, and jokes, pornographic pictures, and unwelcome physical contact and assault because of sex, female. The Commission further alleges that Maribel Soto Perez, Maria Luisa Baltazar Benitez, and other aggrieved individuals opposed what they reasonably believed were unlawful discriminatory employment practices based on sex and national origin, and were retaliated against, including harassed, disciplined, and discharged.

2. The Parties to this Decree are the Plaintiff EEOC, Intervenors Maribel Soto Perez, Maria Luisa Baltazar Benitez, Manuela Sinaloa Rascon, and Sergio Carreón, and the Defendants Vail Run Resort Community Association, Inc. and Global Hospitality Resorts, Inc.

3. Defendants have consistently denied the EEOC and the Intervenors' allegations and deny any violation of law whatsoever. Defendants affirmatively state that they are entering into this Consent Decree solely to avoid the cost and disruption of litigation. It is understood and agreed that this Consent Decree is for the compromise of disputed claims and is not to be construed as or deemed to be an admission of, any liability, fault, or responsibility on the part of Defendants including but not limited to, any admission that these two Defendants are functioning as an integrated enterprise.

4. The Parties desiring to settle this action by an appropriate Consent Decree ("Decree")., agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendants.

5. As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

2

**6.** For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**II. JURISDICTION**

**7.** The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

**III. TERM AND SCOPE**

**8. Term:** The duration of this Decree shall be five (5) years from the date of signing by the Court.

**9. Scope:** Except as otherwise stated herein, the terms of this Decree shall apply to all of Vail Run and Global Hospitality's facilities in Colorado and all of their employees in Colorado, including, but not limited to those working at Vail Run Resort. The terms of the Decree will also apply to any additional facilities that Vail Run or Global Hospitality may begin to manage during the five (5) year term of the Decree subject to the limitations set forth in paragraph 40.9 herein.

**IV. ISSUES RESOLVED**

**10.** This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under Title VII that arise from Charges of Discrimination Numbers 32A-2013-00175 and 32A-2013-00289 filed by Maria Luisa Baltazar Benitez and Maribel Soto Perez. The Lawsuit is resolved consistent with the terms of this Decree and the Parties' stipulation requesting that the Court approve this Decree.

**11.** Nothing in this Decree shall be construed to preclude EEOC from bringing suit to enforce this Decree. Neither does this Decree preclude EEOC from filing lawsuits based on charges not resolved in this Decree.

**12.** Intervenors and Defendants agree that this Decree fairly resolves the issues alleged by Intervenors and constitutes a complete resolution of Intervenors' claims.

**13.** Defendants and their officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

### V. MONETARY RELIEF

**14.** Judgment is hereby entered against Vail Run and Global Hospitality in the amount of $1,020,000.

**15.** Defendants will not condition the receipt of individual relief upon an Aggrieved Individual's (as identified on Ex. A hereto) agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any of Defendants' facilities.

**16.** To resolve these claims, Vail Run and Global Hospitality shall pay a total of $1,020,000 to be apportioned among the Aggrieved Individuals identified in Exhibit A, in amounts to be determined by the EEOC, and to account for the attorneys' fees for RATHOD MOHAMEDBHAI LLC. Payment to the Aggrieved Individual will be designated as "compensatory damages" and shall be reported on IRS Form 1099 and shall not be subject to withholdings.

4

**17.1. EEOC Discretion to Allocate Relief.** EEOC retains the sole discretion to determine allocations of monetary relief to Aggrieved Individuals pursuant to this Decree.

**17.2. Releases.** In order to receive a settlement payment pursuant to this Decree, the Aggrieved Individuals must sign a Release in the form attached as Exhibit B.

**17.3. Transmittal of Payments -** Within twenty-four (24) hours of entry of the decree, Defendants will issue a check or money order to each Aggrieved Individual and to RATHOD | MOHAMEDBHAI LLC at addresses provided by the EEOC.

**17.4. Copy of Checks or Money Orders to EEOC.** Within three (3) business days after payments are made to the payees, Defendants shall submit to EEOC a copy of the payments issued.

## VI. OTHER INDIVIDUAL RELIEF

**18.** **Expungement of Personnel Files.** Defendants shall expunge from the Aggrieved Individuals' personnel files (a) any and all references to the charges of discrimination filed against Defendants that formed the basis of this action; (b) any and all references to the allegations of discrimination filed against Defendants that formed the basis of this action; (c) any and all references to the Aggrieved Individuals' participation in this action; (d) any and all poor evaluations or discipline. The records will be placed in a sealed box that will be maintained at Vail Run. Vail Run may unseal the box only: 1) If any Defendant or related party is named as a party in a lawsuit and the records are relevant to the Party's defense of the lawsuit; or 2) upon an order of a court.

**19.** **References.** Defendants agree that whenever a prospective employer requests a reference relating to any Aggrieved Individual, Defendants shall provide a positive reference

consistent with the letter of reference in the form attached as Exhibit C. If a written reference is requested, Defendants shall provide a letter of reference in the form attached as Exhibit C.

**20.** **Convert Termination to Resignation.** To the extent Defendants previously terminated an Aggrieved Individual, Defendants shall expunge the termination from their records and shall ensure that all of Defendants' records reflect that the individual voluntarily resigned.

**21.** **Letters of Regret.** Within ten (10) business days after entry of this Decree, Vail Run Resorts shall provide a letter of regret to each Aggrieved Individual on company letterhead in the form attached as Exhibit D or alternatively, a similar letter of their own drafting, so long as it receives pre-approval from the EEOC.

## VII. EQUITABLE RELIEF

### A. *Injunctive Relief*

**22.** Defendants, their officers, agents, successors, and other persons in active concert or participation with them, are permanently enjoined from engaging in any employment practice which discriminates on the basis of sex and national origin, including but not limited to sexual and national origin harassment.

**23.** Defendants, their officers, agents, successors, and other persons in active concert or participation with them, are permanently enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended or participation in any related proceeding. Defendants shall not retaliate against a person because such person brings an internal complaint of discrimination with the Defendants; because such person files or causes to be filed a charge of discrimination with the police, CCRD, EEOC or any other agency

charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of Title VII. Defendants shall not retaliate in any manner against a person identified as witnesses or who assists in the investigation of a discrimination complaint.

**B.** **_EEO Policy and Record-Retention Review_**

24.    Within ninety (90) days of the entry of this Decree, the Defendants shall, in consultation with an outside consultant experienced in the area of employment discrimination law ("Consultant"), review its existing EEO policies to conform to the law and revise, if necessary.

25.    The written EEO policies must be in both English and Spanish, and must include at a minimum:

25.1.    A commitment to preventing unlawful sex and national origin discrimination, including but not limited to sexual harassment and harassment based on national origin.

25.2.    A commitment to preventing retaliation;

25.3.    A clear and complete definition of harassment based on sex, national origin, and retaliation;

25.4.    A statement that discrimination based on sex or national origin, including but not limited to    sexual and national origin harassment, and retaliation is prohibited and will not be tolerated;

25.5.    A encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;

7

25.6.    The identification of specific individuals, with telephone numbers, to whom employees can report their concerns about discrimination, harassment, or retaliation, with more than one alternative person provided should the complainant feel unable to complain to one of the specific individuals;

25.7.    A clear explanation of the steps an employee must take to report discrimination or retaliation, which must include the options of complaining orally and cannot require a written complaint;

25.8.    A description of the steps any supervisor or manager who receives a complaint of discrimination, or otherwise comes to have knowledge of such, must take once the supervisor or manager has such notice;

25.9.    An assurance that Defendants will investigate allegations of any activity of alleged unlawful discrimination and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator, specifically trained in receiving, processing, and investigating allegations of discrimination;

25.10.    An assurance that, if a complaint is determined to have merit, appropriate corrective action will be taken by Defendants to make victims whole and to eradicate the unlawful conduct within its workforce;

25.11.    A description of the consequences, up to and including termination, that will be imposed upon violators of Defendants' anti-discrimination policies;

25.12.    A promise of reasonable confidentiality for persons who report unlawful discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment, and/or retaliation; and

25.13.    An assurance of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation.

26.    Within thirty (30) days after completion of the policy review required under this Decree, the written EEO policies (in both English and Spanish) shall be posted in a prominent location frequented by employees, at the properties Defendants' manage in Vail Colorado and distributed to all employees. The written EEO policies shall be distributed in writing to all new employees at any of Defendants' properties that they manage within two days of hire.

27.    Defendants shall review and revise any policies or procedures they have with the outside Consultant regarding the creation of and/or maintenance of records relating to complaints of sexual or national origin harassment and/or retaliation, including all verbal or written complaints. To the extent that no policies or procedures exist, they must be created. Defendants shall assure that all supervisors, managers, human resources personnel, as well as any persons responsible for receiving and addressing employee complaints, do the following:

27.1.    Document in writing, without bias, any complaint of harassment and/or retaliation, even if the complaint is oral.

27.2.    Document in writing, without bias, any interview by the person(s) investigating the complaint.

27.3.    Document in writing, without bias, all steps taken to investigate a complaint of harassment and/or retaliation.

27.4.    Have in place a system of preservation, for all original records of complaints and subsequent investigations that ensures preservation of all documents for no less than 7 years.

**27.5.**    The record-retention system shall, at a minimum, require that all records, including records of oral complaints, written complaints, anonymous complaints, notes of contact with complaining parties, notes of witness interviews and any other materials pertaining to a complaint of sexual harassment, be promptly delivered to a clearly-designated custodian of records that works for Defendants.

**C.    Training**

**28.**    At least semi-annually Defendants shall provide EEO training for all its employees. Under this provision, employees will be trained at a minimum in the following areas: (a) the Defendants' policy and procedures for reporting alleged discrimination; (b) understanding the kind of conduct which may constitute unlawful sex and national origin discrimination and harassment; (c) the penalties of engaging in discriminatory behavior; and (d) Defendants' non-retaliation policy.  All training under this Paragraph shall be at Defendants' expense. Training for non-managerial employees or any managerial employee who is not fluent in English must be provided by an outside consultant who is bilingual in English and Spanish. All training provided by Defendants subsequent to November 1, 2015 will count towards the training requirements set forth below. The training will be conducted as follows:

**28.1.**    **Non-managerial Employees:**   Each year for the duration of this Decree, Defendants will provide non-managerial employees at least three (3) hours of training on discrimination law. Training must include, *inter alia*, sexual   harassment,   national   origin harassment, and retaliation.   Additionally, Defendants shall ensure that all new employees, including seasonal employees (e.g., employees hired for the peaks seasons), receive at least one

hour (60 minutes) of training during the first 45 days of their employment with Defendants. The training under this Paragraph must be provided by outside vendors.

**28.2.    Supervisory and Managerial Employees:** Each year for the duration of this Decree, [1]Defendants will require all individuals who work in a managerial or supervisory capacity for Defendants to receive at least twelve (12) hours of training annually on Title VII and other federal anti-discrimination laws. Trainings are to be provided at least semi-annually. Half of these hours must directly address sex and national origin discrimination, including hostile work environment and harassment, as well as retaliation. The training must include instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination, including sexual and national origin harassment, and complaints of retaliation. In each of these training sessions, Defendants shall emphasize with managerial and supervisorial employees that due to their position of power, such employees (a) must be particularly vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive of how their actions or words might be perceived by subordinate employees; and (c) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them. Additionally, Defendants will require employees who are newly hired or recently promoted into a managerial or supervisory position to complete a requisite six (6) hours of training within twenty (20) business days of being hired or promoted. The training under this Paragraph must be provided by outside vendors.

---

[1] So there is no ambiguity, the first year will run from the date the Court signs this Decree in 2016 through the same date (month and day) in 2017. The second year will run from that date in 2017 through the same date in 2018. The fifth (and final) year of Defendants' obligation under this section will run from that date in 2020 through the date in 2021.

**28.3.**     **Senior Management:**  Defendants will require and ensure that Vail Run's two Senior Managers (currently Fleischer and McLean) receive at least twelve (12) hours of training within ninety (90) days of entry of this decree regarding Title VII and other federal anti-discrimination laws. At least half of those hours must cover sex and national origin discrimination, including sexual harassment and harassment due to national origin, and retaliation; and proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination, including the proper procedures for documenting and preserving evidence of discrimination, archiving the corporation's investigation of complaints, as well as detailing the consequences and result of the investigation where discrimination is found. Thereafter, Defendant will require and ensure that, like other management officials, Senior Management receive at least twelve (12) hours of EEO law training annually. The training under this Paragraph must be provided by outside vendors.

**28.4.**     **Training on Investigative Techniques:**   Any employee(s) designated by Defendants as someone to whom to report discrimination shall be  provided four (4)  hours of annual training instructing on accepted professional standards for  receiving and  investigating complaints of discrimination, including such  matters as  witness interview techniques,  other evidence-gathering techniques,  maintaining investigative notes and records, legal analysis of the evidence, and methods  for eliminating and ameliorating violations of anti-discrimination law.  The training under  this Paragraph must be provided by outside vendors.

**29.**     Defendants agree that the first such training session for each employee group identified above, will take place within ninety (90) days after the Court's entry of this Decree. Defendants agree that all of its personnel shall both register and attend the training sessions.

Training sessions will occur during regularly scheduled shifts and Defendants shall compensate employees at their normal rate of pay.

30.     Defendants agree that at each training session held pursuant to Paragraph 28 above, the employees will be told what the Equal Employment Opportunity Commission is, the laws it enforces, and the procedures for bringing a complaint to the EEOC, including requisite timelines. The trainings shall also note that citizenship status is not relevant, that no attorney is necessary to file a charge of discrimination, and that there are no costs associated with filing a charge with the agency. Employees must also be provided with contact information for the EEOC, including EEOC's Denver Office's current phone number (303-866-1317), mailing address (303 E. 17th Ave. St. 410, Denver, CO 80203), and EEOC's website contact information (http://www.eeoc.gov).

31.     The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the Commission representatives shall have the right to attend, observe, and fully participate in all of the sessions. Defendants shall provide the Commission with at least seven (7) days' notice that a training session will be conducted, or alternatively, Defendants may provide a comprehensive schedule of trainings planned for the year or for a number of months if such is more convenient.

**D.     *Notice Posting***

32.     Within ten (10) business days after the Court's entry of this Decree, Defendants shall post at Vail Run Resort, in a conspicuous place frequented by employees, the Notice attached as Exhibit E to this Decree (both English and Spanish versions will be provided). The Notice shall be the same type, style, and size as set forth in Exhibit E. The Notice shall remain

posted for the duration of this Decree.  If the Notice becomes defaced or illegible, Defendants will replace it with a clean copy.  Defendants shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Consent Decree.

**E.   Agreement not to Rehire Quezada**

33.   Defendants shall not rehire Omar Quezada at any of its facilities for the duration of this Decree and Defendants shall place a copy of this Decree in his personnel file to ensure that he is never rehired.

**F.   EEO Compliance as a Component of Management Evaluation**

34.   In consultation with an outside Consultant, Defendants shall, within ninety (90) days of the entry of this Consent Decree, and at least continuously for the duration of this Decree, develop and implement a management evaluation system which includes EEO compliance, compliance with policies and laws prohibiting retaliation, and compliance with this Decree as factors which shall be used to evaluate all supervisorial and managerial employees. Defendants shall also, within ninety (90) days of the Court's entry of this Decree, and at least continuously for the duration of this Decree, advise Defendants' supervisorial and managerial officials that the amount of monetary bonuses, if bonus is provided, will be subject to reductions based on a low evaluation in compliance with EEO policies and procedures, policies, and laws prohibiting retaliation, and this Decree.

**G.**     ***Consent Decree Monitor***

**35.   Appointment. Within sixty (60) days of the entry of this Decree,** Defendants must contract with a qualified bilingual (English/Spanish) candidate who will act as the Consent Decree Monitor ("Monitor") to oversee the implementation by Defendants of the terms of this Decree, who is acceptable to the EEOC. Any Monitor must receive pre-approval from the EEOC. In the event the Defendant and EEOC cannot agree on a Monitor within thirty (30) days of entry of this Decree, the EEOC shall provide Defendants with a list of at least three candidates, from which Defendants shall select the Monitor.

**36.   Replacement.** In the event the Monitor is unable or unwilling to continue to serve, the Parties shall jointly select a new Monitor who must be bilingual. If the parties cannot agree upon a Monitor within thirty (30) days following the notification of a need to replace the Monitor, the EEOC shall provide Defendants with a list of at least three candidates, from which Defendants shall select the Monitor.

**37.   Costs and Compensation.** Defendants shall compensate the Monitor at a rate agreed upon between Defendants and the Monitor, and shall reimburse the Monitor's fees and costs for services under this Agreement up to $10,500.00 per year.[2] The compensation limits of this section are expressly limited to the Monitor's duties. The services, rates and duties of any other individuals or consultants under this Consent Decree do not apply to this section.

---

[2] Unless the responsibilities of the Monitor end sooner pursuant to paragraph 40.11, the first year will run from the date the Court signs this Decree in 2016 through the same date (month and day) in 2017. The second year will run from that date in 2017 through the same date in 2018. The fifth (and final) year of Defendants' obligation under this section will run from that date in 2020 through the date in 2021.

**38. Cooperation.** The Monitor shall, to the maximum extent practicable and consistent with the Monitor's obligations, work cooperatively with the Defendants so as not to unduly interfere with the Defendants' operations. Defendants shall, in turn, cooperate with the Monitor to the maximum extent practicable. Defendants shall not interfere with Monitor's access to employees, and any interviews of employees conducted by the Monitor pursuant to the Decree shall not be attended by any Defendants' managers, officials, or agents.

**39. Access.** The Monitor shall have reasonable access to the relevant documents, premises, employees, and other sources of information necessary to exercise his or her duties under this Decree. The Monitor shall have access on quarterly basis, to an employee list for Defendants' employees that contains residence addresses and contact information. The Monitor and the EEOC shall have reasonable access to review all records, except for attorney-client privileged materials maintained by Defendants relating to the implementation of this Decree.

**40. Monitor Responsibilities.** During the term of the Decree, the Monitor will have the following responsibilities:

**40.1.** Within ninety (90) days of the entry of the Decree, and every three months for the duration of the Decree, the Monitor shall conduct a meeting(s) with all employees at Vail Run Resort. During such meetings, the Monitor shall inform the employees about the contents and requirements of this Decree and verify compliance with this Decree. These meetings must be conducted in a manner that assures employees who only speak and understand Spanish can fully participate in the quarterly meetings.

**40.2.** The Monitor, with cooperation of Defendants, shall distribute an anonymous written survey to all employees who attend the employee meetings described above. The Monitor

16

shall have the sole discretion to draft the survey.  The survey must be available in both English and Spanish language formats. The Monitor shall both distribute and collect the surveys in an appropriate manner that assures maximum confidentiality for the employees and encourages voluntary participation by the employees. To assist the Defendants in assuring that there is no discrimination or retaliation in employment, the Monitor will communicate verbally the results of the anonymous survey without disclosing any written surveys or names of participants within fifteen (15) days of receiving the completed surveys. A copy of the surveys and report shall be provided to EEOC.

**40.3.** Every six months for the duration of the Decree, the Monitor shall select a random sampling of employees to talk with or interview from each shift in order to determine if the employees have experienced circumstances that would constitute hostile work environment based on national origin or sex, or retaliation for engaging in protected activity. The Monitor interviews with employees under this Paragraph are to be conducted solely between the Monitor and employees, without the presence of Defendants managers or agents in the vicinity.

**40.4.** The Monitor shall continually evaluate whether Defendants have taken appropriate and reasonable action to protect employees from a hostile work environment based on sex, national origin, and from retaliation.

**40.5.** The Monitor shall review all records documenting employee complaints of discrimination or harassment based on sex, national origin, and/or retaliation, including oral and written complaints, charges of discrimination, and records relating to such complaints.

**40.6.** The Monitor, to the extent necessary, shall make recommendations to Defendants regarding compliance with this Decree.

**40.7.** The Monitor shall report to the EEOC and Defendants every six months regarding what actions he/she took during the six month reporting period.

**40.8.** The Monitor shall maintain all original documents received and generated by the Monitor during the Monitor's term for the duration of this Decree.

**40.9.** The responsibilities of the monitor shall be limited to operations of Vail Run Resort and shall not extend to other facilities operated by any of the Defendants.

**40.10.** Should the Monitor during any given year believe that he or she cannot accomplish all of his or her responsibilities under the Consent Decree within the compensation limits identified in this section, the Monitor shall notify the EEOC and Defendants as soon as practicably possible. Upon such notification, Defendants at their discretion may confer with the Monitor and the EEOC about a plan to complete the Monitor's remaining obligations for the year within the prescribed monetary cap. If the EEOC makes a good faith determination that the Monitor cannot complete his or her responsibilities for that given year within the $10,500 cap, the EEOC, at its discretion, may increase the cap by $1,000 and require Defendants to pay no more than $11,500 (the original $10,500 cap plus an additional $1,000) for the Monitor's fees and costs for services performed or costs incurred in that given year. $11,500 is the maximum amount Defendants can be required to pay for any services performed or costs incurred in anygiven year in which the Monitor is providing services pursuant to this Decree for the costs and services of the Monitor. The parties acknowledge that, if the Monitor cannot perform all of the services specified in this Agreement for the amount set forth in this paragraph, the Monitor will not be required to perform any services the costs (fees and expenses) of which exceed $10,500, or $11,500 if the cap is raised by the EEOC, for services performed or costs incurred in

18

that year. In the event the Monitor cannot perform all of the services specified herein within the applicable monetary cap, after conferring with Defendants and the EEOC, the Monitor will determine the specific services that will be performed for the remainder of that year.

**40.11. Term of Monitor** - At any time on or after three (3) years from the effective date of this Decree, the Monitor may notify EEOC that Defendants have been in full compliance with this Decree and can be trusted to fulfill the requirements of the Decree for the remainder of the Decree's term. Upon such notification, the duties of the Monitor shall cease.

### VIII. Record Keeping and Reporting Provisions

**41.** For the duration of this Consent Decree, Defendants shall maintain all records concerning implementation of this Consent Decree, including, but not limited to, all of the following:

**41.1.** Personnel files;

**41.2.** Payroll records;

**41.3.** Work schedules;

**41.4.** Records reflecting all oral and written complaints of discrimination, including but not limited to sexual harassment, national origin harassment and retaliation, and all of the records documenting the investigations of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken;

**41.5.** All documents related to the employee training described above, including but not limited to attendance sheets, agendas, and training materials; and,

**41.6.** All documents, reports and other materials related to the services provided by the Monitor.

**42.**   Defendants shall provide semi-annual reports for each six month period following the entry of this Decree.  The reports shall be due thirty (30) days following the respective six-month period, except the final report which shall be submitted to the Commission six weeks prior to the date on which the Consent Decree is to expire.

**43.**   **Reporting Requirements:** Each report shall provide the following information:

**43.1. Reports of Discrimination**

**43.1.1.** For purposes of this Paragraph the term "report of discrimination" will include any written or verbal complaint made to a manager or of which a manager is aware which alleges discrimination, or the witnessing of discrimination, based on sex or national origin even if such terminology is not used by the complainant. The complainant need not invoke the terms "discrimination," "Title VII," "disparate treatment," "violation," or "rights," etc. Employees are not trained in legalese and frequently use such terms as "unfair," "unprofessional," "uncomfortable," "unjust," "retaliatory," "treated differently," or "disciplined without or for no reason" and other such language that indicates an allegation of discrimination. For example, if a female employee reports that a male employee has made an offensive sexual comment, this should be recognized as a complaint of sexual harassment and/or gender discrimination even though the employee does not use the terms "harassment" or "discrimination," and regardless of whether the complaint is made orally or in writing.

**43.1.2.** The report will include:

a.   The name, address, email address, and telephone number of each person making a complaint of sex or national origin discrimination to Defendants or to any federal, state, or local government agency;

b.   The name, address, email address, and telephone number of each person identified as a potential witness to the incident of discrimination;

c.   A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendants' investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

d.   Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**43.2.   Complaints of Retaliation**

**43.2.1.**   For purposes of this Paragraph, the term "complaint of retaliation" will include any written or verbal complaint which alleges retaliation for activity that is protected under Title VII, or alleges retaliation for conduct which the Defendants recognize or should have recognized as protected activity under any of those statutes even if the complainant does not use legal or technical terminology.

**43.2.2.** The report shall include:

a. The name, address, email address, and telephone number of each person making a complaint of retaliation to Defendants or to any federal, state, or local government agency;

b. The name, address, email address, and telephone number of each person identified as a potential witness to the incident of retaliation;

c.   A brief summary of each complaint, including the date of the complaint, the

21

name of the individual(s) who allegedly engaged in the retaliatory conduct, the Defendants' investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

d.      Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**43.3.  Training**

**43.3.1.**  For each training program required under this Decree, and conducted during the reporting period, Defendant shall submit a registry of attendance or certificates of completion.

**43.3.2.** For each training program conducted by an outside consultant or vendor not affiliated with Defendants, Defendants will identify the consultant and/or vendor and provide a copy of the program agenda.

**43.3.  Posting of Notice**:  Defendants shall recertify to the Commission that the Notice required to be posted under this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**43.4.  Policy Review**:  Defendants shall report on the status of the EEO policy review process required above.

**43.5.  Record Keeping:**  Defendants shall report on the creation and/or revision of any records keeping policies or practices required by this Decree, as required above.

**43.6.  Letters of Regret:**  Defendants' first report under this provision shall include copies of the Letters of Reference and Letters of Regret sent to Aggrieved Individuals as required by this Decree.

**43.7. Certification of Compliance**: Defendants shall certify that they have complied with all requirement of this Decree.

### IX. ENFORCEMENT OF DECREE

**44.** There is no private right of action to enforce Defendants' obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

**45.** The Commission may file a civil action for contempt of Court Order if Defendants fail to comply with the Consent Decree. Should a court determine that Defendants have not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

**46.** Absent extension, this Decree shall expire by its own terms at the end of the fifth year from the date of entry without further action by the Parties.

### X. EEOC AUTHORITY

**47.** With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

### XI. COSTS AND ATTORNEY'S FEES

**48.** Other than as provide for and specified in this Decree, each party shall be responsible for and shall pay its own costs and attorney's fees.

### XII. NOTICE

**49.** Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows:

For Plaintiff:                              For Defendant
Iris Halpern                               Vail Run Resort Community Association, Inc.
Senior Trial Attorney                      c/o Dr. Larry Kunkle, President
EEOC Denver Field Office                   1000 Lionsridge Loop
303 East 17th Avenue, Suite 410            Vail, CO 81659
Denver, CO 80203
(303) 866-1374                             Global Hospitality Resorts, Inc.
                                           c/o William Fleischer, Operations Manager
                                           P.O. Box 4000
                                           Vail, CO 81658

## XIII. SIGNATURES

**50.** The parties agree to the entry of this Decree subject to final approval by the Court.


SO ORDERED this _11_ day of _February_, 2016.

BY THE COURT:

United States District Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION    VAIL RUN RESORT COMMUNITY
                                          ASSOCIATION, INC.

By:  _____              By:  _____
     Mary Jo O'Neill                            Dr. Larry Kunkle, President
     Regional Attorney                          Vail Run Resort Community
     Phoenix District Office                    Homeowner's Association, Inc.
     Equal Employment Opportunity Commission

Date:  __2/9/16__                         Date:  _____

                                          GLOBAL HOSPITALITY RESORTS, INC.

                                          By:  _____
                                                William Fleischer
                                                Operations Manager
                                                Global Hospitality Resorts, Inc.

                                          Date:  _____

**BY CONSENT**:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION    VAIL RUN RESORT COMMUNITY
ASSOCIATION, INC.

By: _____
    Mary Jo O'Neill
    Regional Attorney
    Phoenix District Office
    Equal Employment Opportunity Commission

By: _____
    Dr. Larry Kunkle, President
    Vail Run Resort Community
    Association, Inc.

Date: _____

Date: _____

GLOBAL HOSPITALITY RESORTS, INC.

By: _____
    William Fleischer
    Operations Manager
    Global Hospitality Resorts, Inc.

Date: 02 - 09 - 2016

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION      VAIL RUN RESORT COMMUNITY
                                            ASSOCIATION, INC.

By: _____              By: _____L Z Kunkle_____
    Mary Jo O'Neill                              Dr. Larry Kunkle, President
    Regional Attorney                            Vail Run Resort Community
    Phoenix District Office                       Association, Inc.
    Equal Employment Opportunity Commission

Date: _____              Date: _____2 - 10 - 16_____

                                             GLOBAL HOSPITALITY RESORTS, INC.

                                             By: _____
                                                 William Fleischer
                                                 Operations Manager
                                                 Global Hospitality Resorts, Inc.

                                             Date: _____

25

APPROVED AS TO FORM:

Iris Halpern
Equal Employment
Opportunity Commission
Denver Field Office
303 East 17th Ave., Suite 410
Denver, CO 80203
Tel. (303) 866-1378
Fax (303) 866-1375
Iris.halpern@eeoc.gov

ATTORNEYS FOR PLAINTIFF

Qusair Mohamedbhai
Arash Jahanian
2701 Lawrence Street, Suite 100
Denver, CO 80205
(303) 578-4400 (t)
(303) 578-4401 (f)
qm@rmlawyers.com
aj@rmlawyers.com

ATTORNEYS FOR PLAINTIFF-
INTERVENORS

Raymond W. Martin
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Tel. (303) 244-1800
Fax (303) 244-1879
martin@wtotrial.com

ATTORNEYS FOR DEFENDANTS

## EXHIBIT A (List of Aggrieved Individuals)

Maria Luisa Baltazar

Sergio Carreón

Rosa Fernandez

Olga Montes-Saenz

Maribel Soto Pérez

Martina Ramirez-Arambula

Yolanda Rodriguez

Manuela Sinaloa

27

**EXHIBIT B**

**RELEASE**

In consideration for the payments to be paid to me by Vail Run Community Resort Association, Inc., and Global Hospitality Resorts, Inc., in connection with the resolution of *EEOC v. Vail Run Community Resort et al.*, Civil Action No. 15-cv-01592-RPM-KMT (D. Colorado), I waive my right to recover for any claims of sex or national origin discrimination or retaliation arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, that I had against Defendants prior to the date of this release and that were included in the claims alleged in EEOC's complaint in *EEOC v. Vail Run Community Resort et al.*, Civil Action No. 15-cv-01592-RPM-KMT in the United States District Court for the District of Colorado.

Date: _____   Signature: _____

Como contraprestación que me pagará Vail Run Community Resort Association, Inc., and Global Hospitality Resorts, Inc., relacionado con la resolución del caso *EEOC v. Vail Run Resort et. al.*, Civil Action No. 15-cv-01592-RPM-KMT (D. Colorado), yo renuncio mi derecho a recuperar reparaciones por cualquier alegato de acoso sexual, origen nacional, y represalia bajo Título VII de la Ley de Derechos Civiles de 1964 que yo haya tenido en contra de Vail Run Community Resort Association, Inc., and Global Hospitality Resorts, Inc., antes de la fecha de este documento y que fue incluido en los alegatos de la demanda del EEOC en *EEOC v. Vail Run Community Resort et. al.*

Fecha: _____   Firma: _____

28

**EXHIBIT C (Letter of Reference)**

[On Company Letterhead]

To Whom It May Concern:

[Aggrieved Individual] worked for Vail Run Resort Association, Inc., from [date] to [date]. Ms. [surname] held the position of [position] at the time she left Vail Run. Ms. [surname] was a valuable, competent, and respected employee, and we enjoyed working with her very much.

Sincerely,

29

**EXHIBIT D**
**(Letter of Regret – To be Written in Both Spanish and English)**


Dear          :

On behalf of Vail Run Resort, I wish to express my sincere regret for any misconduct by Omar Quezada you were subjected to during your employment at Vail Run. We sincerely apologize! We will do everything we can immediately and in the future to make sure our workers are treated with dignity and respect.  We are in the process of making sure appropriate training is provided to all employees.

Respectfully,



William Fleischer

30

**EXHIBIT E**
**NOTICE (To be Translated and Posted in Both English and Spanish)**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in EEOC v. Vail Run Resort et al. filed in the United States District Court for the District of Colorado, Civil Action No. 15-cv-01592-RPM-KMT (D. Colorado).

During the term of the Consent Decree in the above captioned case, Vail Run Resort will be conducting various trainings for its employees and management regarding Title VII and its prohibition against sex and national origin discrimination and retaliation. These trainings are mandatory. In addition, Vail Run Resort has agreed to hire a Decree Monitory who will be assuring compliance with the Decree. The Decree Monitor will be available to employees who have any concerns about discrimination or retaliation. Vail Run will also distribute on a semi-annual basis an anonymous survey to employees for the purpose of assessing whether they have workplace complaints, including complaints of sex and national origin discrimination or retaliation. Vail Run resort and the Decree Monitor will make semi-annual reports to the EEOC so that EEOC can assure that the Decree is complied with.

Pursuant to Title VII, it is unlawful for an employer to discriminate based upon the sex or national origin of an applicant or employee, including harassment because of sex or national origin. Further, it is unlawful for any employer to retaliate against an employee because he or she has requested reasonable accommodation for disability or religion, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Vail Run Resort affirms that its' policy to prohibit all discrimination based on sex. Vail Run Resort will not tolerate any form of harassment based on sex or national origin, including verbal sexual harassment such as sexual jokes, comments, innuendo and physical sexual harassment such as any unwanted touching or contact of the body. Derogatory comments about an employee's nationality, for example, if they are from Mexico, or threats to call the police, INS, or to have an employee deported are strictly prohibited.

Any employee who believes he/she has been subjected to any form of sex or national origin discrimination is encouraged to contact Alan McLean at the following contact numbers: 970-476-1500 ext. 606.

Any employee who believes he/she has been subjected to any form of discrimination or retaliation is also encouraged to freely contact the Decree Monitor [Insert name and contact number].

Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, has the right to contact the EEOC directly at 303-866-1317 or the Colorado Civil Rights Division (CCRD) 303-894-2997. Spanish speaking options are available. In compliance with federal law, no official at Vail Run Resort will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of five (5) years.

Vail Run Resort Community Association, Inc. and Global Hospitality Resorts, Inc.

By: _____          _____
        William Fleischer

31